**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JOHN HORNBEAK, JR.**                              **CIVIL ACTION**

**VERSUS**                                          **NO. 22-2055**

**FEDERATED NATIONAL INSURANCE**                    **SECTION "O"**
**COMPANY**

### ORDER AND REASONS

Before the Court is the motion to remand[1] by Defendant Louisiana Insurance
Guaranty Association ("LIGA"). The submission deadline expired with no response
from Plaintiff. For the foregoing reasons, Defendant's motion is granted and this case
will be remanded to the Civil District Court of Orleans Parish.

This is a property insurance dispute arising from damage caused by Hurricane
Zeta in October 2020.[2] Plaintiff brought this action against FedNat Insurance
Company ("FedNat"), improperly named as Federated National Insurance Company,
in the Civil District Court for the Parish of Orleans.[3] FedNat removed the matter on
July 5, 2022, on the basis of diversity jurisdiction.[4] On October 11, 2022, the Court
stayed Plaintiff's claims when FedNat was declared insolvent and placed into
liquidation by the Second Judicial Circuit Court in Leon County, Florida.[5] On May

---

[1] ECF No. 32.
[2] ECF No. 1-1.
[3] *Id*.
[4] ECF No. 1.
[5] ECF No. 16 & 17.

30, 2023, plaintiff filed a first supplemental and amended complaint adding LIGA as a defendant in this case.[6]

Federal district courts have original jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). For diversity jurisdiction to exist, there must be complete diversity between the parties. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity. *Id.* (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). "Citizenship for an individual is synonymous with the person's domicile; for a corporation, it is that of the state in which it is incorporated and the state where it has its principal place of business." *English v. Aramark Corp.*, 858 F.App'x 115, 116 (5th Cir. 2021) (citing *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 397 n.6 (5th Cir. 2009)).

"[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569–70 (2004). Once jurisdiction is properly established, subsequent events will generally not divest the court of jurisdiction. *Freeport-McMoran, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Nevertheless, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Hager v. Thomas*, No. 18-cv-139, 2019 WL

---

[6] ECF No. 22.

13200643, at *1 (S.D. Miss. Apr. 9, 2019) ("Federal courts are duty-bound to examine their own jurisdiction and not proceed where it is apparent that jurisdiction does not exist.").

The addition of a nondiverse party is one event that defeats jurisdiction. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). As explained by the Supreme Court, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007). When a plaintiff's amendment after removal would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may . . . permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) ("[P]ost-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable.").

Here, Plaintiff's first supplemental and amended complaint[7] vitiates the Court's subject matter jurisdiction under 28 U.S.C. § 1332, because the addition of LIGA destroys complete diversity. Plaintiff is a citizen of Louisiana.[8] LIGA is an

---

[7] ECF No. 22.
[8] ECF No. 1-1 at 5.

unincorporated association of Louisiana insurers and "has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991). While Plaintiff does not specifically allege the citizenship of LIGA's constituent members, courts have remanded similar cases because LIGA has constituent member insurers domiciled in Louisiana. *See, e.g., Brunet v. S. Fid. Ins. Co.,* No. 21-2308, 2023 WL 4541114, at *4 (E.D. La. July 14, 2023) (Vitter, J.); *Soza v. S. Fid. Ins. Co.,* No. 22-985, 2023 WL 315948, at *1 n.3 (E.D. La. Jan. 19, 2023) (Ashe, J.). Accordingly, LIGA is deemed to be a citizen of Louisiana.

Because diversity is lacking, Plaintiff's claims must be remanded for lack of subject matter jurisdiction. 28 U.S.C. § 1447(e). Accordingly,

**IT IS ORDERED** that Defendant's motion to remand[9] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 29th day of March, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[9] ECF No. 32.